WILLIAM H. MOLLENBROCK, as Executor, etc., Appellant,
*v.* ADAM MEINHARD, Respondent.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Accord and Satisfaction.*—Where money is deposited in the joint
   names of the husband and wife, and, upon her death, her executor
   claims one half of such deposit, which the husband disputes, but after-
   wards agrees upon, and pays a certain sum in settlement, it constitutes
   a complete accord and satisfaction.
2. *Same. Fraud.*—Where the executor and his attorney had in their pos-
   session the bank books showing the deposits, and took no pains to
   verify the husband's statements, the transaction cannot be impeached
   on the ground of fraud.

Appeal from a judgment entered on the decision of the
trial court.

*C. F. Moody*, for appellant.

*M. E. Sawyer*, for respondent.

VAN BRUNT, P. J.—This action was brought by the
plaintiff, as executor of his mother, against the defendant
her husband, for an accounting of moneys deposited in
various savings banks in this city in the names of the tes-
tatrix and defendant, and for a recovery of half of such
money by the plaintiff as such executor.

Upon the trial, it appeared that the plaintiff's testatrix
and the defendant were married in 1860. She was then
the widow of the plaintiff's father, and possessed money
left with her by her late husband, and also accumulated
savings from her earnings as a washerwoman. At the
time of the marriage the defendant had no means, and
after said marriage, and up to the 13th of June, 1863, the

plaintiff's testatrix continued to work and earn money as such washerwoman and accumulate savings, and the defendant worked, from time to time, at his trade as a journeyman. About three years after the marriage, with the plaintiff's testatrix's money, a half interest in a grocery business, was bought for the sum of $500 from one Immen, and the said business was conducted by Adam and Catherine Meinhard, the defendant, down to the time of her death, but in the name of Adam Meinhard. All this time, until her death, Catherine worked about the store and waited on customers, and took charge of the moneys. For this service she received no compensation as such from her husband. The profits of said business were deposited in various savings banks in the city of New York in the name of Adam and Katrina Meinhard ; in some instances with the addition "either to draw," and in others, with the addition "payable to either and to the survivor." Upon the death of Mrs. Meinhard, claim was made by her executor on half of the moneys so deposited. The defendant resisted his claim, asserting title to the whole of the moneys, and thereafter the plaintiff and the defendant agreed upon the sum of $900, to be paid by the defendant to the plaintiff in full settlement of all claims and demands which the plaintiff had against the defendant. The defendant paid the $900, and the plaintiff executed a receipt in full, discharging the defendant from all claims or demands which his mother's estate might have against him.

The learned judge, upon the trial, found that the money which was deposited was deposited with the understanding that it might be drawn, used or enjoyed by both or either of said Adam and Catherine during their joint lives, and that upon the death of the testatrix it passed to and became the absolute property of the defendant as survivor ; and also that the agreement and settlement between the plaintiff and defendant, and the payment by the defendant of the amount agreed upon ; was a discharge by the plaintiff to the defend-

ant of the matters set forth in the complaint, and of all other claims and demands of the plaintiff against the defendant, and is a bar to this action, and from the judgment thereupon entered this appeal is taken.

In the disposition of this appeal it is not necessary to consider whether the first finding of the court can be sustained or not; nor whether the business which was being carried on by the defendant and his wife was a copartnership between himself and his wife, or whether it was the business of the defendant alone.

It appears undisputed from the evidence in this case that upon the death of his wife her executor made a claim for one-half of the moneys deposited in the banks to their joint account. It further appears that the defendant disputed that claim and that a sum was agreed upon in settlement of this dispute, and paid. Here was a complete accord and satisfaction.

This accord and satisfaction was attacked upon the ground of fraud. It was sought to impeach this transaction by showing that the defendant made certain false and fraudulent representations as to the amount of these deposits, and that it was in reliance upon these representations that the plantiff was induced to enter into this settlement.

It is claimed that the defendant represented that the whole amount of this deposit was only $1,000, and the witness swears to that repeatedly, but when his attention is called to the fact that it was rather strange that the defendant should pay $900 when only $500 was claimed of him, then he alters his testimony, and swears that it was represented that half of the deposits would not amount to over $1,000.

It further appears that at or about the time these representations were made, the person to whom they were made had in his possession the very bank books which showed precisely the sums deposited, and, according to his own statement, which may be true in that regard, took no pains

to verify the statement, and did not know what the amount of the deposits were. The evidence, upon the part of the defendant, tends to disprove the whole of this statement in regard to this representation, and his testimony so far addressed itself to the good judgment of the learned justice trying the case that he refused to find that any such representations were made; although he does find that the plaintiff, or his attorney, did not know at the time of the settlement of the amount of money for which the plaintiff thereafter brought this action.

There was no duty of trust or confidence between these parties; each was asserting his rights. The defendant was not bound to make any disclosure in regard to the amount of this money. He owed no duty in that regard. However, the defendant gave the attorney for the plaintiff the identical bank books from which could have been discovered the amount deposited. There was no attempt at concealment, as it appears that the defendant voluntarily placed in their hands the evidence of the amount of the money, and if they did not know the amount at the time at which they made this settlement and accepted the $900, the defendant had every reason to believe that they did and that they made the settlement having full knowledge of all the facts.

Under such circumstances, to invalidate this settlement would render it impossible ever to have controversies finally determined.

We, therefore, think that the judgment should be affirmed, with costs.

DANIELS and BRADY, JJ., concur.